UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS SIRMANS,

    Plaintiff,

vs.

FIFTH THIRD BANK, et al.,

    Defendants.

Case No. 1:16-cv-899

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on September 6, 2016 by filing a pro se complaint against defendants Fifth Third Bank, Teresa Tanner, Kris Sammons, Darrin Morgan, Meaghan Ruehl, Paul Johnson, Kevin Graves, Marc Starks, Joe Perry, Patricia Stewart, and Andrea Lindemann for alleged discrimination and retaliation in violation of Title VII, 42 U.S.C. 2000e-5(f) and the Age Discrimination in Employment Act. (Doc. 4).

This civil action is now before the Court on Teresa Tanner, Kris Sammons, Darrin Morgan, Meaghan Ruehl, Paul Johnson, Kevin Graves, Marc Starks, Joe Perry, Patricia Stewart, and Andrea Lindemann's ("Individual Defendants") motion to dismiss (Doc. 9) and the parties' responsive memoranda. (Docs. 24, 25). Upon careful review, the undersigned finds that the Individual Defendants' motion is well taken.

**I. Background**

In September 2016, Plaintiff filed the instant action alleging claims of race and age discrimination pursuant to Title VII and the ADEA. Plaintiff's complaint names Fifth Third Bank as a defendant, along with the ten individual defendants referenced above. (Doc. 4). The Complaint identifies all ten individual defendants as Fifth Third Bank

employees and lists their job titles.  The individual defendants' now move to dismiss the claims against them because they were not Sirmans' employer, as that term is defined by the applicable statutes.  The undersigned agrees, and for the reasons that follow, recommends that Defendants' motion to dismiss be granted.

**II. Analysis**

**A. Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the

speculative level ...." *Twombly*, 550 U.S. at 555. See also Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Defendants' motion to dismiss is well-taken

To the extent that Plaintiff is attempting to bring Title VII and ADEA claims against the individual Defendants, the claims against those Defendants should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon with relief can be granted. *See Wathen v. General Electric Co.*, 115, F.3d 400, 404 n.6, 405 (6th Cir. 1997) (Title VII does not provide for individual liability); *see also Liggins v. State of Ohio*, 210 F.3d 372, 2000 WL 178420, **2 (6th Cir. 2000) (district court properly dismissed [plaintiff's] Title VII claims against the individual defendants because "the named defendants, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination*"). See also Smith v. Allstate Ins. Co.*, 195 Fed. Appx. 389, 397 n.7 (6th Cir. 2006) (affirming dismissal of ADEA claims against individual supervisor because individual is not "employer"); *White v. Public Safety (BMV),* Case No. 2:15-cv-2091, 2015 U.S. Dist. LEXIS 170237, at *3-4 (S.D. Ohio Dec. 21, 2015) (ADEA claims brought against individuals "fail as a matter of law" because such claims are not authorized by the ADEA); *O'Malley v. NaphCare, Inc.,* Case No. 3:12-cv-326, 2014 U.S. Dist. LEXIS 26193, at *31-33 (S.D. Ohio Feb. 28, 2014) (dismissing ADEA claims against individual employees because such claims are "not cognizable as a matter of law").

Accordingly, the undersigned finds that the individual Defendants cannot be held liable under Title VII and/or the ADEA , therefore, the claims against them are properly dismissed.

**III. Conclusion**

For the reasons stated herein, **IT IS RECOMMENDED** that Defendants' motion to dismiss (Doc. 9) be **GRANTED**, and Defendants Teresa Tanner, Kris Sammons, Darrin Morgan, Meaghan Ruehl, Paul Johnson, Kevin Graves, Marc Starks, Joe Perry, Patricia Stewart, and Andrea Lindemann be **DISMISSED** from this action.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS SIRMANS,

    Plaintiff,

vs.

FIFTH THIRD BANK, et al.,

    Defendants.

Case No. 1:16-cv-899

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).